IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**AUDREY THORN**                                                                                       **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 1:19-cv-108-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

### ORDER DENYING MOTION AND
### CONSTRUING THE MOTION[20] AS NOTICE OF APPEAL

      The plaintiff in this action, then represented by counsel, filed this action seeking review of the decision of the Commissioner of Social Security, denying her application for disability benefits. The matter is before this court on the parties' consent pursuant to the provision of 28 U.S.C. § 636 (c), with any appeal to be made to the Court of Appeals for the Fifth Circuit. After the matter was fully briefed, the court held oral argument in the case but found that decision was supported by substantial evidence and entered its judgment on January 14, 2020, affirming the decision.

      On February 18, 2020, the plaintiff, now proceeding *pro se,* submitted a "Complaint for Judicial Review of Social Security Decision." The clerk's office filed the complaint in this action. This form is a court-provided form designed for use by *pro se* applicants to file a complaint for appeal from the final administrative decision. The document has been filed as motion for reconsideration.

### CONSTRUING THE PLAINTIFF'S FILING

      Because the plaintiff is now proceeding *pro se*, the court must liberally construe the pleadings. *Haines v. Kerner,* 404 U.S. 519 (1972). In this case the court is trying first and foremost to discern the plaintiff's intent with this document. At first blush, her use of the court's form for

filing for a review of the administrative procedure appears that she may be trying to restart this court's review. But the document does reference this court's judgment in this case as the decision being appealed at one point, so that is apparently not her intent.

The court has considered the possibility that the plaintiff meant to file a motion under Rule 59 of the Federal Rules of Civil Procedure. If so the filing is untimely. Per Rule 59, a motion seeking relief under that rule must be filed not later than twenty-eight days after the entry of judgment. A motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e) constitutes a request for "extraordinary" relief. *See S. Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993). Such relief is appropriate only in three circumstances: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012). "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 775 (5th Cir. 2017).

In addition to filling in the court forms with basic information about the administrative processing of her claim, the plaintiff has included a letter to the court. The letter voices her frustration that people she does not know and that do not know her are making major decisions about her life. She feels that she is not being heard. She discusses the problems arising from her two strokes and her back problems. She addresses this court's decision only to suggest that she was advised that the court was concerned about a gap in treatment. She says that any perceived gap in treatment is either the result of failing to place her treatment records in chronological

order or perhaps some records are missing records from a primary treating physician who moved away after several years of treating her.

The standard for qualifying to receive disability benefits from the Social Security Administration is high. Once the ALJ has held the hearing and ruled on the case, the role of this court is limited as a matter of law. This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [1] *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner *even if it finds that the evidence preponderates against the Commissioner's decision. Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the

---

[1] A scintilla is variously defined as speck, bit, trace, shred, crumb, morsel, fragment, drop, mite, jot, tittle, hint or suspicion. It is a "small trace or barely perceptible amount of something." www.merriam-webster.com/dictionary

Commissioner's decision is supported by the evidence, then it is a conclusive and must be upheld. *Richardson*, 402 U.S. at 390.

Given the standard of review, the court had no choice in the face of conflicting evidence and in the absence of legal error but to affirm the Social Security Administration. Considered as a Rule 59 motion on the merits, the motion would be denied.

The court has also considered whether the motion could be considered a motion under Rule 60 of the Federal Rules of Civil Procedure. But nothing in the plaintiff's filing sets forth a basis for Rule 60 relief. There are no allegations of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, or fraud. She does not and cannot assert that the judgment is void. Nothing in what she has stated in her letter provides any other reason that would justify Rule 60 relief. To the extent that the pleading could be construed as a request for relief, the court finds it should be denied on the merits.

The final possibility (and the one the court adopts) is that the plaintiff intended to file a notice of appeal of the decision. The court also finds that the filing is timely filed as a notice of appeal under Rule 4(a)(1)(B)(ii) of the Federal Rules of Appellate Procedure, and the clerk's office shall treat it as such.

The court notes that the plaintiff has neither requested leave to proceed in forma pauperis, nor tendered the court costs for an appeal. See Form 4 Fed. R. App. Proc.

IT IS THEREFORE ORDERED, as follows:

1. If considered an attempt to reopen the appeal, a motion pursuant to Rules 59 or 60 of the Rules of Civil Procedure, the document filed with the court by the *pro se* plaintiff is denied for the reasons stated above.

2. Because the document can be construed to be a notice of appeal, the clerk of the court shall, from the date of this order, treat it as such and proceed accordingly.

3. Because the court also has -- construing the filing as a Rule 59 or Rule 60 -- denied the motions, if the plaintiff wishes to appeal either the original judgment or from this order, she is advised to file an amended notice of appeal (See Form 1, Federal Rules of Appellate Procedure) within the time allowed.

**SO ORDERED** this the 11th day of August, 2020.

/s/ **David A. Sanders**
**U.S. MAGISTRATE JUDGE**